IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| -vs- | ) | Criminal Nos. 09-305 and 13-65 |
| | ) | Civil No. 17-848 |
| | ) | |
| OMAR GADSDEN, | ) | |

## MEMORANDUM OPINION

CONTI, Chief District Judge.

On June 27, 2017, Omar Gadsden ("Gadsden") filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 396), and a memorandum of law in support of his motion (ECF No. 403).[1] Gadsden contends that in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), he should not have been sentenced as a career offender. The government filed a response in opposition to the motion (ECF No. 401) and a motion to dismiss Gadsden's motion (ECF No. 402). The government contends that this court lacks subject-matter jurisdiction because Gadsden has not obtained authorization to file a second or successive § 2255 petition, as required by 28 U.S.C. §§ 2244(b) and 2255(f)(3). Gadsden filed a reply to the government and the motions are ripe for decision. They will be addressed together.

Factual and Procedural Background

Gadsden pleaded guilty to Count III of the third superseding indictment in Criminal Case No. 09-305 (conspiracy to retaliate against a witness) on November 6, 2012. On March 7, 2013,

---

[1] A *pro se* pleading, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

he consented to transfer of Criminal Case No. 13-65 from the United States District Court for the District of New Jersey to this court for change of plea and sentencing. On June 17, 2013, Gadsden pleaded guilty to the one-count indictment in Criminal Case No. 13-65 (conspiracy to distribute heroin). The court sentenced Gadsden to 210 months of imprisonment at Case No. 09-305 and 151 months of imprisonment at Case No. 13-65, to run concurrently. Gadsden did not file a direct appeal. He filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which the court denied. (ECF Nos. 372, 382).

This is Gadsden's third § 2255 motion. He filed his first §2255 motion pro se on April 28, 2015 (ECF No. 370). The court denied the motion as untimely and did not issue a certificate of appealability. (ECF Nos. 385, 386). Counsel for Gadsden filed a second § 2255 motion on June 15, 2016 (ECF No. 388), which was stayed while Gadsden sought leave from the Third Circuit Court of Appeals to file a second or successive petition pursuant to 28 U.S.C. §2244(b). Counsel subsequently filed a motion for voluntary dismissal without prejudice, which the court granted on March 28, 2017. (ECF Nos. 394, 395). Gadsden filed the pending § 2255 motion pro se on June 27, 2017, and defense counsel was permitted to withdraw as his attorney.

Legal Analysis

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. Courts may afford relief under § 2255 on a number of grounds including "that the sentence was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255(a). The statute provides that, as a remedy for an unlawfully-imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."

28 U.S.C. § 2255(b). The court accepts the truth of the defendant's allegations when reviewing a § 2255 motion unless those allegations are "clearly frivolous based on the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005). A court is required to hold an evidentiary hearing when the motion "allege[s] any facts warranting § 2255 relief that are not clearly resolved by the record." *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015) (quoting *Booth*, 432 F.3d at 546). An evidentiary hearing is not necessary in this case.

Gadsden recognizes that his pending § 2255 motion, filed almost four years after his sentence, would ordinarily be untimely. He contends, however, that his motion is timely because it was filed within one year of *Mathis*. Gadsden's reliance on *Mathis* is misplaced.

Congress enacted a one-year limitations period in 28 U.S.C. § 2255(f). The text of the statute provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As explained in *United States v. Rivera-Cruz*, No. 1:06-CR-43, 2017 WL 3433773, at *2 (M.D. Pa. Aug. 10, 2017) (rejecting the argument that *Mathis* restarted the clock to challenge career offender status), Gadsden's motion was filed more than one year after his sentence, and therefore it is untimely unless it falls within one of the exceptions to the one-year time limit.

The exception in § 2255(f)(3) is not triggered by *Mathis*. By its text, that section starts a new limitations period only if: (1) the right asserted was initially recognized by the Supreme Court; (2) that right has been newly recognized by the Supreme Court; and (3) it was made retroactively applicable to cases on collateral review. The Supreme Court announces a new rule when it imposes obligations on the government that were not imposed at the time a defendant's conviction became final. *Rivera-Cruz*, 2017 WL 3433773, at *2 (citing *Teague v. Lane*, 489 U.S. 288, 307 (1989)). Supreme Court decisions that merely apply existing precedent to a novel factual scenario do not qualify. *Id*. New rules announced by the Supreme Court are made retroactively applicable to final convictions "only in limited circumstances." *Id.* (citing *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004)).

The United States Court of Appeals for the Third Circuit has not yet opined on whether the Supreme Court announced a "new right" in *Mathis*. Numerous other courts, however, have concluded that there is nothing "new" about *Mathis*. *Id.* (citing *Washington v. United States*, 868 F.3d 64 (2d Cir. 2017); *United States v. Taylor*, 672 F. App'x 860, 864-65 (10th Cir. 2016); *In re Lott*, 838 F.3d 522, 522-23 (5th Cir. 2016) (citations omitted); *Dawkins v. United States*, 829 F.3d 549, 550-51 (7th Cir. 2016)). In *Mathis*, the Supreme Court expressly rejected the idea that it was creating a new right by stating that its "precedents make [it] a straightforward case," and observing that its prior rulings concerning the Armed Career Criminal Act dictated its conclusion. *Mathis*, 136 S. Ct. at 2257. In *United States v. Carter*, Crim. No. 06-388, ECF No. 76 (July 13, 2017) (rejecting a § 2255 challenge to a career offender designation), this court held that *Mathis* does not restart the limitations period. Gadsden's motion, therefore, is likely to be held untimely.

Even if Gadsden's motion appeared to be meritorious, this court lacks jurisdiction to consider it. The relevant statute provides: "Before a second or successive application permitted

4

by this section is filed in the district court, the applicant **shall** move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). *Accord Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) ("Unless the court of appeals grants such permission, the district court may not consider the second or successive petition."). In other words, a district court may only consider a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3)(A) if the court of appeals authorizes such a filing. Gadsden voluntarily dismissed his second § 2255 motion before the appeals court authorized him to proceed. Gadsden presented no evidence that he attempted to obtain authorization from the appeals court for this (his third) § 2255 motion. The government's motion to dismiss for lack of jurisdiction, therefore, must be granted.

Conclusion

For the foregoing reasons, the government's motion to dismiss for lack of jurisdiction (ECF No. 402) will be **GRANTED** and defendant's third motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 396) will be **DENIED**. Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Gadsden did not meet this standard.

An appropriate order will be entered contemporaneously with this opinion.

BY THE COURT:

December 11, 2017    /s/Joy Flowers Conti
Chief United States District Judge